## Repairs Contracts

JEROME H. GERBER, Deputy Attorney General, and THOMAS D. MCBRIDE, Attorney General, April 1, 1958. —You have requested the opinion of this department on the validity of voucher transmittal No. VT M-69.

This document states that the sum of $10,850 is due to the named payee. The voucher transmittal was prepared to cover work done by the payee involving repairs to and replacement of parts for windows and screens in isolation rooms of the Philadelphia State Hospital. The Auditor General has objected to payment on the ground that the repairs were purchased without obtaining competitive bids.

It appears that seclusion rooms at the Philadelphia State Hospital were equipped with awning type steel windows and detention screens of a special design and manufacture. The windows and screens were designed to prevent patients from escaping through the window openings. The original installation was done by the payee of the voucher in question. During the passage of years since the original installation, the windows have deteriorated to the point where repair or replacement was required. It was evident that repairing the windows would be far more economical than attempting to replace them.*

The repair parts were not available through normal channels, but could be obtained only from the manufacturer, the payee. Although the installation of the repair parts could have been effected by a contractor, it was decided that the manufacturer should install them so that a manufacturer's warranty could be obtained.

Section 507 of The Administrative Code of April 9, 1929, P. L. 177, as amended, 71 PS §187, states that unless otherwise provided all purchases of enumerated items, including supplies and equipment, shall be made through the Department of Property and Supplies. Under the provisions of section 2409 of The Administrative Code of 1929, supra, 71 PS §639, the Department of Property and Supplies is bound to prepare and

---

* Repairing the windows rather than replacing them represented an estimated saving of $16,192.

award contracts for all equipment, furniture or furnishings, repairs, alterations and improvements on the basis of competitive bids.

The terminal portion of section 507 of the code, supra, 71 PS §187, provides that:

"Notwithstanding any of the foregoing provisions of this section, any department, board or commission may:

"(1) Purchase repairs or repair parts for its equipment from the manufacturer of such equipment or from the manufacturer's authorized dealer;"

It thus appears that if the windows in question are "equipment" as that word is used in subsection (1), quoted above, it would not have been necessary for the Department of Welfare to have purchased the repairs or repair parts through the Department of Property and Supplies, and it consequently would have been unnecessary to require competitive bids (this latter requirement being applicable only to the Department of Property and Supplies purchases).

The word "equipment" is defined in Black's Law Dictionary, Third Edition, at page 672, as follows:

"Furnishings, or outfit for the required purposes. In a legacy to be applied toward the rebuilding and equipment of a hospital it was held equipment meant everything required to convert an empty building into a hospital; . . ."

If we were to place in an ordinary empty room a developer, pans, a drying rack, a red light, an enlarger and other photographic apparatus, the ordinary room would then be a dark room. This is so by virtue of the installation of the particular equipment which is, in the words of the definition quoted above, an "outfit for the required purposes." Installation of a washing machine, dryer and mangle in the same empty room would, for the same reasons, result in the creation of a

426

laundry room. Similarly, the installation of awning type steel windows and detention screens are an essential step in converting an ordinary room into one for a specific purpose—an escape-proof seclusion room. These windows are as much "equipment" as the photographic apparatus or the washing machine. Without the windows in question the room would not be "outfitted for the required purposes." Thus, by the installation of the special devices in question what is ordinarily a window and not "equipment" may become, in addition to a window, something as much "equipment" as any other escape-proof devices, e.g., special locks, strait jackets.

It is, therefore, the opinion of this department and you are accordingly advised that voucher transmittal No. VT M-69 is valid. It was not necessary to award a contract for the repairs or repair parts through the Department of Property and Supplies on a competitive bid basis.